COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LEEDSMAN CONSTRUCTION, INC. d/b/a TRAFFIC CONTROL SPECIALIST, | § | No. 08-23-00074-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | 41st District Court |
| v. | § | |
| | § | of El Paso County, Texas |
| JACIE LYNN GREEN, | § | |
| | § | Cause No. 2015DCV1968 |
| Appellee. | § | |

## MEMORANDUM OPINION

Appellant Leedsman Construction, Inc. [1] d/b/a Traffic Control Specialist, a Texas Department of Transportation highway construction subcontractor, filed this interlocutory appeal of the trial court's denial of its traditional motion for summary judgment. [2] At issue here is whether Leedsman Construction conclusively established its entitlement to immunity from liability under § 97.002 of the Texas Civil Practice and Remedies Code against the wrongful death claims of Jacie

---

[1] The reporter's record, clerk's record, and parties' briefs present alternative spellings for Appellant Leedsman Construction's corporate name. We proceed with the spelling used in the challenged order and in Leedsman Construction's notice of appeal.

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(17) (authorizing an appeal from an interlocutory order granting or denying a contractor's motion for summary judgment based on § 97.002).

Lynn Green for the death of her father. *See* Tex. Civ. Prac. & Rem. Code Ann. § 97.002. This same question was raised and squarely resolved in a companion case arising from the same trial court proceeding in cause number 08-23-00073-CV, *Haydon Building Corporation v. Green*, No. 08-23-00073-CV (Tex. App.—El Paso, July 31, 2024, no pet. h.). There, appellant Haydon Building Corporation, Leedsman Construction's general contractor on the highway construction project at issue, appealed from the denial of its motion for summary judgment on the same grounds and based on the exact same factual record as relied on by Leedsman Construction. *See id*. at *3–4. On the record presented, we held in *Haydon Building* that the existence of genuine issues of material fact precluded judgment as a matter of law on § 97.002 immunity. *Id*. at *13.

Here, Leedsman Construction filed a separate notice of appeal challenging the trial court's denial of its separate motion for summary judgment. In light of our holding in *Haydon Building*, we likewise hold here that the trial court properly denied Leedsman Construction's motion for summary judgment.[3] Accordingly, we affirm the trial court's order of March 8, 2023. We deny as moot Green's motion to consolidate.

GINA M. PALAFOX, Justice

July 31, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[3] As Haydon Building did, Leedsman Construction argues on appeal that Jorge Oregel, TxDOT's lead engineer on the construction of the Spur 1966 bridge over I-10, approved of the placement of traffic control devices by Leedsman Construction, and such evidence conclusively established it was then in compliance with the TxDOT contract documents material to the traffic control plan at the time of the subject incident. We disagree. On the record of this case, Oregel's determination of compliance with contract documents at one point during an ongoing project did not amount to an ultimate decision on contract fulfillment for the purpose of establishing immunity under § 97.002. *See* Tex. Civ. Prac. & Rem Code Ann. § 97.002. Even assuming Leedsman Construction met its initial summary-judgment burden of establishing compliance with the traffic control plan, Green raised genuine issues of material fact as to whether it remained in compliance at the time of her father's death. *Haydon Building*, No. 08-23-00073-CV, at *13.